# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GREGORY JUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-081 |
| | ) |
| ONEBEACON AMERICA | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

According to the parties' joint Fed. R. Civ. P. 26(f) report, initial disclosures are scheduled for Wednesday May 4, 2011. (Doc. 12 at 2.) Defendant, however, objects to making the required disclosures. (*Id.* at 2-3.) It has filed a motion to compel arbitration (doc. 6), and on the basis of that motion, it asks the Court to stay all discovery "pending the outcome of the contractually required arbitration." (Doc. 12 at 3.)

In general, discovery stays involve a pending dispositive motion, the "resolution [of which] . . . may extinguish some or all of [plaintiff's] claims . . . potentially restricting the scope of discovery significantly." *White v. Georgia*, 2007 WL 3170105 at * 2 (N.D. Ga. Oct. 25, 2007)

(unpublished); see *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at *1-2 (M.D. Ga. Oct. 10, 2008) (unpublished). This is not such a case, but the Court is still satisfied that a stay is appropriate.

As of this moment, the case's proper course is difficult to predict. Not long after defendant moved to compel arbitration, plaintiff moved to remand the case to state court. (Doc. 10.) Until the arbitration and remand motions are addressed, it is unclear whether this case will proceed in federal or state court or through binding arbitration. Hence, while discovery is inevitable, it may proceed under any one of three different rule sets. Arbitration has its own discovery system, and "[a]n agreement to arbitrate is an agreement to proceed under arbitration and not under [federal] court rules." *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988). Similarly, a state court has its own rules, and those rules often substantially vary from the Federal Rules of Civil Procedure. Since the rules may differ in some key respects, one of the parties may gain an unfair advantage through unfettered discovery here.

Plaintiff has not suggested that he will be prejudiced by a stay of discovery. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)

("In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."). And upon brief review, defendant's motion to compel arbitration does not appear to be meritless on its face. *Arriaga-Zacarias*, 2008 WL 4544470 at *2 ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted"). On balance, then, a stay of discovery is appropriate. Defendant's request to stay discovery is thus **GRANTED**. Should the Court deny defendant's motion to compel arbitration, the parties shall submit a proposed scheduling order within 14 days of the entry of that order. If the motion is granted, then discovery will necessarily be stayed pending the outcome of arbitration. *See Suarez-Valdez*, 858 F.2d at 649.

**SO ORDERED** this 25th day of April, 2011

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

3