IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 MAR 21  PM 3: 02

CLERK _____
SO. DIST. OF GA.

GREGORY JUDSON,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   CASE NO. CV411-081
                                     )
ONEBEACON AMERICA INSURANCE          )
COMPANY,                             )
                                     )
        Defendant.                   )
                                     )

## O R D E R

Before the Court is Plaintiff Gregory Judson's Motion
to Remand.  (Doc. 10.)  After careful consideration and for
the following reasons, Plaintiff's Motion to Remand is
**GRANTED** and this case is **REMANDED** to the Superior Court of
Chatham County.[1]  The Court **DIRECTS** the Clerk of Court to
close this case and mail a certified copy of this Order of
Remand to the Clerk of the Superior Court of Chatham
County.

### BACKGROUND

In this case, Plaintiff has asserted a breach of
contract claim against Defendant Onebeacon America
Insurance Company based on Defendant's failure to provide
benefits under an Occupational Accident Insurance Policy.

---

[1] As a result, Defendant's Motion to Stay Judicial
Proceedings and Compel Arbitration (Doc. 6) is **DISMISSED AS
MOOT**.

(Doc. 1, Ex. A ¶¶ 4, 6, 7.)   On March 19, 2010, Plaintiff suffered injuries as the result of an automobile accident. (Id. ¶ 5.)   Plaintiff's physician has recommended surgery as part of Plaintiff's recovery.   (Id. ¶ 8.)   To pay for this surgery, Plaintiff seeks indemnity benefits that have accrued under an Occupation Accident Insurance Policy issued by Defendant.   (Id. ¶¶ 9-10.)   Defendant has denied Plaintiff's claim.   (Id. ¶ 7.)   In the complaint, Plaintiff seeks "actual and general damages not less than $15,000.00 and not exceeding $75,000."   (Id. ¶ 14(e).)

On March 31, 2011, Defendant removed this case from Chatham County Superior Court, invoking this Court diversity jurisdiction under 28 U.S.C. § 1332.   (Doc. 1.) On April 19, 2011, Plaintiff filed a timely Motion to Remand.   (Doc. 10.)   In the motion, Plaintiff reasons that this Court lacks subject matter jurisdiction because he seeks damages not to exceed $75,000, the requirement for jurisdiction under 28 U.S.C. § 1332.   (Id. at 2-3.)   In response, Defendant argues that the maximum medical benefit under the policy is $1,000,000 with a maximum total disability benefit of $2,000,000.   (Doc. 17 at 2.)   It contends, therefore, that its exposure is much greater than the $75,000 Plaintiff has requested in actual and general damages.   (Id.)

## ANALYSIS

I.  <u>STANDARD OF REVIEW</u>

Federal courts are courts of limited jurisdiction and may only hear cases which they have been authorized to hear by the Constitution or Congress.  See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994).  For a case originally filed in state court, a defendant may remove the matter to federal court only if the federal court has jurisdiction.  28 U.S.C. § 1441(a).  "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still master of his own claim." See <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).  Consistent with this traditional concept, a defendant seeking removal bears the burden of proving the existence of federal jurisdiction.  <u>See, e.g.</u>, <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996).

When a defendant seeks removal on the basis of diversity jurisdiction, he must demonstrate that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of fees and costs.  See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).  In a typical case where a plaintiff claims no specific amount of damages in her state court complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in

3

controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Burns, 31 F.3d at 1094.

However, in those cases where a plaintiff specifically claims an amount of damages less than the jurisdictional threshold, a "defendant must prove to a legal certainty that the plaintiff's claim must exceed [$75,000]." Id. at 1095. At least two rationales support this heavy burden. First, when a plaintiff specifically claims an amount lower than the jurisdictional requirement, jurisdiction cannot be based on the face of the complaint. Id. This is especially important because the "[j]urisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." Id. at 1097 n.13. Second, a "plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." Id. at 1095. This regard for the plaintiff's specific claim is buttressed by the attorney's ethical duty of candor and honesty with the Court. Id.

The Eleventh Circuit has called the legal certainty standard a "heavy" burden and a "strict standard." Id. at 1095-96. In Burns, the court expounded upon the legal certainty standard in the following manner:

> Adopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he

4

> showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]. The standard is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue.

Id. at 1096 (internal citations omitted). In order to carry this burden, defendants often rely upon expert testimony or upon comparisons of damages awards in similar cases. See, e.g., Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (looking to cases involving similar allegations); Jackson v. Am. Bankers Ins. Co. of Fla., 976 F. Supp. 1450, 1452 (S.D. Ala. 1997) (relying upon expert testimony regarding awards in similar cases). Evidence of a settlement offer may be considered but is not determinative of the amount in controversy. Burns, 31 F.3d at 1097. With respect to settlement offers, some courts have required defendants to make an additional showing that the offer reflects an honest assessment of the case's value. See Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998) (finding jurisdictional amount not met where plaintiff had made settlement offer in excess of $75,000).

Because the jurisdiction of federal courts is limited, the Court of Appeals for the Eleventh Circuit favors remand of cases that have been removed where federal jurisdiction

is not absolutely clear.   Burns, 31 F.3d at 1095.   Indeed,

courts  in  this  circuit  must  strictly  construe  removal

statutes and resolve any doubts regarding the existence of

federal jurisdiction in favor of remand.   Diaz, 85 F.3d at

1505.

II.   PLAINTIFF'S CLAIM

     In this case, Defendant has failed to "prove to a

legal certainty that the plaintiff's claim must exceed

[$75,000]."   Burns, 31 F.3d at 1095.   Indeed, it appears

that Defendant misunderstood its burden in this case,

arguing instead that "Plaintiff cannot state with any

certainty [that the surgery] will not result in medical

costs and lost income in excess of $75,000.00."   (Doc. 17

at 3.)   As discussed above, however, not only does

defendant bear the burden on this issue, but that burden is

a heavy one.   Unfortunately for Defendant, it has not

offered any expert opinion, offer of settlement, awards in

similar cases, or any evidence whatsoever to carry this

weighty load.   Therefore, the Court has no choice but to

grant Plaintiff's motion and remand this case to the

Superior Court of Chatham County.

CONCLUSION

     For the foregoing reasons, Plaintiff's Motion to

Remand is **GRANTED** and this case is **REMANDED** to the Superior

Court of Chatham County. The Court **DIRECTS** the Clerk of Court to close this case and to mail a certified copy of this Order of Remand to the Clerk of the Superior Court of Chatham County.

SO ORDERED this 21st day of March 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA